DIXON, Judge.
The plaintiff partnership sues for agricultural chemicals sold in the summer of 1967. The defendant, a farmer and the owner of an airplane, denied that he purchased the chemicals and denied that he was in any way responsible for that purchase.
There was judgment in the district court in favor of the plaintiff and against the defendant in the amount of $2,339.85.
*798 The Ward brothers purchased the farm supply business in 1967, but retained the bookkeeper of their predecessor, and purported to retain the merchandising and bookkeeping practices previously established. Fred Bernard was one of the pilots in the area engaged in spraying agricultural chemicals. He had disposed of his own airplane, and sometime in the spring or summer of 1967 made an arrangement with the defendant Larry D. Crowe to use Crowe’s machine to spray crops, sharing with Crowe the income derived from this business. The airplane operated from a landing strip near the home of the defendant Crowe.
The plaintiff was one of the business enterprises in the area supplying farm chemicals. When notified, plaintiff would arrange for the delivery of chemicals in quantity to the air strip near defendant’s home. The pilot Bernard made arrangements with his customers, farmers in the area, for the application of the chemicals. He received payment from the farmers for the application, but the farmers were supposed to pay the plaintiff, or other supplier, for the chemicals actually used. For the purpose of maintaining records of the transactions, the pilot was supposed to “turn in” the amount of poison used for each of his customers to the plaintiff’s bookkeeper. The plaintiff then received payment from the individual farmer.
At the end of the season, when plaintiff’s bookkeeper posted the delivery tickets and the amount of poison the pilot had applied and “turned in,” there was a substantial discrepancy. Plaintiff’s bookkeeper figured that $5,449.00 worth of chemicals had been delivered to Crowe’s landing strip, and only $3,109.05 worth of chemicals had been accounted for by the pilot Bernard, leaving the balance for which the trial court gave the plaintiff judgment.
There is evidence in the record that Crowe told one of the Ward brothers at the beginning of the season that the pilot Bernard would be flying the defendant’s plane, and that chemicals might be purchased from Ward brothers. The evidence does not satisfy us that the defendant Crowe arranged to purchase these chemicals himself, or to be responsible for them. The documentary evidence introduced by plaintiff consists of delivery tickets dated between June 29, 1967 and October 2, 1967. These tickets do not bear the signature of any person receiving the merchandise described on them. There is a statement in the record which was apparently compiled at the end of the season. There is no written evidence that the defendant Crowe agreed to pay for the merchandise involved here. One of the Ward brothers testified that the defendant promised to pay for the chemicals when the matter was finally discussed, but parol evidence is not admissible to prove the promise to pay the debt of another (C.C. 2278). If there is any liability on Crowe’s part, it must be because of the relationship between him and the pilot Bernard.
Bernard was not an employee of Crowe Crowe was a farmer, who happened to own an airplane. Crowe did not participate in the crop spraying. He did not take orders for the spraying. The customers whose farms were sprayed were the customers of the pilot Bernard. The record is devoid of evidence showing that Crowe exercised any control whatsoever over Bernard in the crop spraying activities.
The evidence does not establish that Crowe and Bernard were engaged in a partnership or a joint venture. The evidence indicates that Crowe’s plane was used by Bernard under a lease arrangment, the payment for which was a portion of the fees received by the pilot for the application of the chemicals. Such an arrangement is not sufficient to impose liability on Crowe for any chemicals used or delivered to the pilot in his operation.
*799 Consequently, the judgment of the district court must he reversed, and there is now judgment in favor of the defendant, Larry D. Crowe, rejecting the demands of the plaintiff, at plaintiff’s costs.